```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-20194-Civ-MORENO
                         MAGISTRATE JUDGE P.A. WHITE
```

MOISES BURE,                     :

    Petitioner,              :

v.                               :         REPORT OF
                                                             MAGISTRATE JUDGE
WALTER A. McNEIL,                :

    Respondent.              :
_____

    Moises Bure, who is presently confined at the Training and Treatment Center in Miami, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 07-23336, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

    This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The Court has before it the petition for writ of habeas corpus and amended petitions, the Respondent's response to an order to show cause and appendix of exhibits, and Bure's replies and amended replies.

    Bure is presently serving a ten-year sentence for unlawful driving as a habitual traffic offender with a habitual violent

1

felony offender five-year minimum mandatory.[1] [DE# 25-1 at 1, 6-7]. He filed a notice of appeal of the conviction and sentence on December 12, 2008. [DE# 25-1 at 11]. The appeal is presently pending in the Third District Court of Appeal, case number 3D08-1814.[2] The case has been consolidated with subsequent duplicative appeals. See (3D08-3190); (3D09-745); (SC09-989). Bure has also filed voluminous pleadings in the Third District and the Florida Supreme Court which are not relevant to the outcome of this proceeding.[3]

Bure filed the instant petition on January 22, 2009.[4] He argues: (1) he was not granted a speedy trial; (2) the Third District has not timely ruled on his appeal because he is pro se; and (3) he has not been provided trial court transcripts.[5] [DE# 1]. Bure subsequently filed eleven amended habeas petitions, some of which were filed after the Respondent filed its Response, and none of which were authorized by the Court. [DE# 3, 8, 9, 10, 11, 17, 19, 23, 26, 27, 28].

---

[1] He is also under a hold order for other pending charges. See http://egvsys.metro-dade.com:1608/wwwserv/crts/IPSAWNSI.DIA.

[2] The Court takes judicial notice of the records maintained by the clerk of the Third District Court of Appeal pertaining to Bure, located at http://199.242.69.70/pls/ds/ds_cases_lt. Fed. R. Ev. 201.

[3] See, e.g., (SC09-57) (mandamus denied without prejudice); (SC09-418) (habeas petition dismissed as unauthorized); (SC09-2286) (petition for writ of prohibition pending); (SC08-1654) (mandamus dismissed for lack of jurisdiction); (3D09-907) (Rule 3.850 notice of appeal per curiam affirmed); (3D09-2460) (prohibition denied); (3D09-2323) (habeas petition pending); (3D08-2221)(final criminal appeal dismissed);.

[4] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[5] It appears that this claim may have become moot. According to the Third District's electronic docket sheet, the court reporter was granted an extension of time to file the transcripts until August 30, 2009. The court received seven volumes of records in September, 2009.

2

The instant petition is premature. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845; see 28 U.S.C. § 2254(b), (c). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

Bure suggests the exhaustion requirement should be excused because the State courts are delaying his appeal. This contention is unsupported by the record, which reveals the State courts have timely addressed Bure's copious and repetitive filings and the appeal is progressing in a reasonable manner.

Because Bure's direct appeal proceedings are pending in State court, it is appropriate to dismiss the instant case without prejudice. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)); see, e.g., Garcon v. Palm Beach County Sheriff's Office, 291 Fed. Appx. 225 (11th Cir. 2008) (federal pre-trial detainee's claims including allegation the Speedy Trial Act had been violated should be properly brought during his criminal case and on direct appeal; the habeas petition was premature and due to be dismissed). Bure may return to this Court and file a single § 2254 habeas corpus petition after the conclusion of his appeal and exhaustion of any post-conviction remedies. Rose, 455 U.S. at 520. He is cautioned to return to this Court promptly because there is a one-year time

limitation for filing a subsequent habeas corpus petition.[6]

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 7th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Moises Bure, pro se
      Jail# 70096101
      Training and Treatment Center
      6950 NW 41 St.
      Miami, FL 33166

      Timothy Thomas, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131

---

[6] A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This period usually begins to run when the judgment becomes final after direct appeal or when the time to seek review has expired. Id. The period is tolled while properly filed applications for state post-conviction or collateral relief are pending with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, the statute is not tolled by a prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(federal habeas petition is not an "application for State post-conviction or other collateral review" under §2244(d)(2)).